

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-2807
Re: The county auditor's duty
in prescribing and preparing
the forms to be used by all
persons in the collection of
county revenues, funds, fees,
and other moneys; and related
matters.

Your request for an opinion of this Department on
the questions as are herein stated has been received.

We quote from your letter as follows:

"I shall greatly appreciate your assistance to
me in giving me information on the following ques-
tions:

"1. The Auditor's duty in prescribing and pre-
paring the forms to be used by all persons in the col-
lection of County Revenues, funds, fees, and other
moneys.

"2. The Auditor's authority regarding the time,
mode, and manner of making reports to the auditor by
county officers who collect or receive moneys, revenues,
etc.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Jr., Page 2

"3. Whether the County Auditor has power
to adopt and enforce such regulations not incon-
sistent with the Constitution and laws, as he may
deem essential to the speedy and proper collection,
checking, and accounting of the revenues and other
funds and fees belonging to the county.

"4. Whether County Treasurer can lawfully pay
money out of the County Treasury either for commis-
sions due herself or for principal and interest pay-
ments on bonds 'except in pursuance of a certificate
or warrant from some officer authorized by law to issue
the same.' (Art. 1713).

"5. Auditors authority to require treasurer to
submit a detailed monthly report to him, to be in turn
submitted to the Commissioners' Court. Is not failure
to make such reports by Treasurer a violation of the
law?

"6. The legality of paying rent for office of
Treasurer, this office being across the street from
Court House in privately owned building. This build-
ing consists of two rooms, one of which is dedicated
for treasurer's offices, and the other room being used
by Treasurer for an abstract office which is operated
by Treasurer.

"Though this county pays part of Treasurers office
rent, it furnishes offices to County Agent, Old Age As-
sistance worker, AAA, and W. P. A. Lunch Room Supervisor,
in the Court House or its annex.

"The facts are that County Treasurer dedicates most
of services to abstract office and does not want office
in Court House, but wants us to pay part of rent of
Abstract office."

As stated in Texas Jurisprudence, Volume 11, Page
581, "The general duties of the auditor are to keep an over-
sight of all the officers of the county, . . . who may be au-
thorized or required to receive or collect money for the use
of or belonging to the county, and to see to the strict en-
forcement of the law governing county finances. More specifi-
cally, it is his duty to examine accounts and reports, count
cash, prescribe forms and rules to be used in the collection

Honorable W. P. Herms, Jr., Page 3

of county revenues, and receive bids for material and supplies. He is required to keep enumerated accounts, make quarterly and annual financial reports to the commissioners' court, and must prepare the annual budget. The county auditor also exercises control over the finances of improvement districts of various kinds.

"The auditor exercises control over and has the custody of the records, papers of his office, and supplies the commissioners' court with such information concerning the affairs of the county as will enable that body properly and efficiently to discharge its duties . . . ."

Article 1656, Vernon's Annotated Civil Statutes, reads as follows:

"He shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county."

Your first three questions, quoted above, are so unlimited and broad that we can answer them in a general manner only. Article 1656, supra, requires that the county auditor shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees and all other moneys. This statute further requires the county auditor to prescribe the mode and manner of keeping and stating their accounts and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee law. This statute further provides that the county auditor shall have the power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking

Honorable W. P. Herms, Jr., Page 4

and accounting of the revenues and other funds and fees belonging to the county.

We have answered your first three questions in the preceding paragraph, and now consider your fourth question. Article 1713, Vernon's Annotated Civil Statutes, provides:

> "The county treasurer shall not pay any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same; and, if such treasurer shall have any doubt of the legality or propriety of any order, decree, certificate, or warrant presented to him for payment, he shall not pay the same, but shall make report thereof to the commissioners' court for their consideration and direction."

It has been held in the cases of Collier v. Peacock, 54 S. W. 1025, Oge v. Froboese, 66 S. W. 688 and other cases that this statute does not apply to school funds, and for the purposes of this opinion school funds are not considered. In the case of Nueces County v. Gussett, 213 S. W. 725, it was held that this article gives the treasurer no discretion to make payments without being authorized by certificate or warrant, and that he is liable for so doing, regardless of custom whereby the county treasurer paid claims without first obtaining warrants or certificates. However, this holding was reversed in the case of Gussett v. Nueces County, 235 S. W. 857, wherein it was held that payments by a county treasurer for the benefit and purposes of the county in pursuance of his capacity as purchasing agent, made under an order of the commissioners' court or upon the requisition of the county judge or commissioner, instead of in pursuance of certificates or warrants, such payments were proper credits in favor of the treasurer if thereafter in due course they are approved and ratified by the commissioners' court, the payments being such as were within the power of the commissioners' court to direct, notwithstanding the article provided that the county treasurer shall not pay out any money except in pursuance of certificates or warrants. Therefore, it is our opinion that unless the county treasurer and commissioners' court or the county judge have acted in the manner as above stated, the county treasurer cannot lawfully pay money out of the county treasury either for commissions due himself or for principal and interest payments on bonds, without first obtaining warrants or certificates as required by Article 1713, supra.

Honorable W. P. Herms, Jr., Page 5

In reply to your fifth question, your attention is directed to Article 1711, Vernon's Annotated Civil Statutes, which provides:

"He shall render a detailed report at every regular term of the commissioners' court of his county of all the moneys received and disbursed by him, of all debts due to and from his county, and of all other proceedings in his office, and shall exhibit to said court at every such term all his books and accounts for their inspection and all vouchers relating to the same, to be audited and allowed."

We have been unable to find any statutes requiring the county treasurer to submit a detailed monthly report to the county auditor, to be in turn submitted to the Commissioners' Court. It is apparent that under the above mentioned statute (Article 1711) the county treasurer is required to make a detailed report at every regular term of the Commissioners' Court of his county as set out in said statute. It is our opinion that if the county treasurer complies with Article 1711, supra, the county auditor cannot require him to submit a detailed monthly report to him, to be in turn submitted to the Commissioners' Court. However, under the broad powers conferred upon the Auditors by Article 1656, the Auditor may require the county treasurer to furnish him a copy of his monthly report before the same is filed with or presented to the Commissioners' Court.

In answer to your sixth question, we call your attention to Articles 1603 and 1605, Vernon's Annotated Civil Statutes. Article 1603 provides:

"The county commissioners' court of each county, as soon as practicable after the establishment of a county seat, or after its removal from one place to another, shall provide a court house and jail for the county, and offices for county officers at such county seat and keep the same in good repair."

Article 1605 provides, in part, that:

"The county judge, sheriff, clerks of the district, and of the county courts, county treasurer, assessor of taxes, collector of taxes, county surveyor and county

Honorable W. P. Herms, Jr., Page 6

attorney of the several counties of this State shall keep their offices at the county seats of their respective counties, . . ."

Section 1 of Article 3899b, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the commissioners' court out of the County Treasury; and suitable offices shall also be provided by the commissioners' court for said officers at the expense of the county. . . ."

It will be noted that the above mentioned statutes do not require that the county officers named therein shall keep their offices in the courthouse, but only requires that such officers shall keep their respective offices at the county seat and that such offices shall be provided by the Commissioners' Court for said county officers as named in the statutes at the expense of the county. Therefore, you are respectfully advised that it is our opinion that it is the duty of the commissioners' court to furnish the County Treasurer an office at the county seat whether in the courthouse or not, and that the expense of furnishing such office must be paid by the county. Where the County Treasury has an abstract office in connection with the treasurer's office and where it is necessary to have additional office space for the abstract office, we are of the opinion that the county cannot legally pay the office rent for the abstract office. However, as above stated, it is the duty of the commissioners' court to provide the County Treasurer with an office for that purpose and it is within the discretion of the commissioners' court to determine what portion of the office rent the county will pay where the two offices are together as in the case under consideration.

This answer is predicated upon the assumption that there is no available office in the courthouse for the County Treasurer. However, if there is an available office in the courthouse and the Treasurer does not desire to use the same, but prefers an office outside the courthouse then the county

would not be liable for any office rent whatsoever.

This opinion is not to be construed as holding that the County Treasurer has the right to maintain and conduct an abstract office in his office in the courthouse in connection with the Treasurer's office.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:BBB

APPROVED NOV 14, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN